UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-19-302** |
| | § | |
| **ANDREW MALACHI NEISIG,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Kimberly Ann Leo, Assistant United States Attorney, and the defendant, Andrew Malachi Neisig ("Defendant"), and Defendant's counsel, John MacVane, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 3 of the Indictment. Count 3 charges Defendant with **Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. Additionally, under Count 3, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that

if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for ~~the entire term of supervised release,~~ not more than 2 years un prison without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole. *[handwritten margin: AS STATED ON THE RECORD WITH RESPECT TO 18 U.S.C. § 3583(k) AND ITS MANDATORY MINIMUM.]*

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney

2

has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005).

3

Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 3 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently; and

(c) That based upon the parties' research, the Government would recommend that Defendant's juvenile adjudication would not trigger the statutory enhancement in 18 U.S.C. 2252A(b)(1).

## Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of

Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b)   to set forth or dispute sentencing factors or facts material to sentencing;

   (c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e)   to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and

that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 3 of the Indictment. If this case were to proceed to trial, the United States could prove each

element of the offense of distribution of child pornography beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

a. On March 12, 2019, FBI New Haven executed a search warrant at the personal residence of Joseph Santos in Pawcatuck, Connecticut in pursuit of violations of child exploitation. Evidence was seized from Santos' residence to include Santos' personal cellular telephone. A review of the device revealed the presence of the Kik mobile chat application as well as historical chats within that application.

b. One chat in particular, which was initiated on February 1, 2019, was observed to be between Kik user "firepu83", also known as (Joseph Santos), and Kik user "LuckyBoy156". The initial communication indicated that Santos added user "LuckyBoy156" to a chat group identified as "#brotherlylove1". Thereafter, Santos and user "LuckyBoy156" engaged in a brief chat in which 2 images of child pornography were sent from user "LuckyBoy156" to Santos. A summary of the conversation between Santos and Kik user "LuckyBoy156" is highlighted below for reference:

>  Firepu83: Hi
>  Firepu83: Asl
>  **LuckyBoy156:** Hey m 20
>  **LuckyBoy156:** [Image sent depicting a suspected prepubescent age male straddling the lap of a nude adult male. The adult male's penis is observed at the bottom of the frame and placed between the cheeks of the suspected male minor's buttocks.]
>  Firepu83: That u
>  **LuckyBoy156:** Yep
>  Firepu83: Nice with who
>  **LuckyBoy156:** Lil cuzin
>  Firepu83: Nice any more
>  **LuckyBoy156:** [Image sent depicting a suspected prepubescent age male being orally penetrated by the erect penis of an adult male.]
>  Firepu83: How'd u get him to do that
>  **LuckyBoy156:** Offer to pay

>**LuckyBoy156:** And secret stuff
>Firepu83: [Image sent depicting a close-up of a suspected adult male masturbating.]
>**LuckyBoy156:** U got any bros
>Firepu83: 1 older
>**LuckyBoy156:** How old r u
>**LuckyBoy156:** Hello
>Firepu83: 32 here

    c.    On or about March 15, 2019, and in consideration of the above, FBI New Haven served an emergency disclosure order to Kik in pursuit of subscriber information associated with Kik user "LuckyBoy156". It is noted that Kik maintains only approximately 30 days of data with respect to subscriber user accounts, thereby making the February 1, 2019, subscriber data irretrievable. A response received from Kik identified the subscriber as "Sam Jeremiah" with contact e-mail address Sam.Jeremiah15@gmail.com. Additionally, Kik revealed user "LuckyBoy156" was most frequently accessing the account from an Android device most commonly associated with IP address 98.195.98.5 which was determined to be owned by Comcast Communications.

    d.    FBI New Haven served an emergency disclosure order to Comcast Communications in pursuit of subscriber information for IP address 98.195.98.5 on February 18, 2019, at 11:38:42 UTC, which was observed to be the last time Kik user account "LuckyBoy156" was accessed. Comcast provided a response and identified the subscriber Andrew Neisig with a residential service address in Humble, Texas. The account was regarded as being in an "active" status.

    e.    On or about March 21, 2019, FBI Houston received a lead package containing the investigative details relevant to the investigation as described above. SA Ryan Shultz subsequently reviewed all of the provided case materials to include the suspected files of child pornography that

8

were posted by Kik user "LuckyBoy156" on February 1, 2019 and determined that those 2 files, described in detail above, depicted child pornography as defined by Title 18, United States Code, Section 2256.

    f.    A law enforcement database search for "Andrew Neisig" revealed one hit with the Texas State Sex Offender Registry Database in which Andrew Malachi Neisig had a juvenile adjudication for Possession of Child Pornography in a 2016 case investigated by the Humble Police Department.

    g.    On March 28, 2019, FBI Houston located the Defendant, Andrew Neisig, at one of his friends' residences in Humble, Texas. The Defendant was advised of his *Miranda Rights*, and thereafter chose to make a statement which was audio/video recorded. The Defendant advised that agents would find child pornography stored on the two cellular telephones that he used. According to the Defendant, the child pornography material would all be stored within the Kik application which had been downloaded and installed to each respective device. The Defendant explained that he maintains a fake persona via the Kik application and that he had created this fake persona, as well as several other fake personas, for the sole purpose of trading child pornography. The Defendant stated that he trades child pornography files with several individuals via the Kik application, primarily in the form of hyperlinks; however, the Defendant's most frequent trade partner was identified as Kik user "Charlie Anderson".

    i.    SA Shultz explained to the Defendant that the FBI was investigating child pornography images posted on Kik from a user by the name "LuckyBoy156". The Defendant initially advised that he did not recall utilizing that specific user handle; however, after reviewing

9

the content of the chat in its totality, the Defendant acknowledged that he was most likely responsible for the communications detailed above as well as the images of child pornography posted during those communications.

j. The Defendant clarified that he did not recall specifically utilizing the "LuckyBoy156" Kik user handle; however, the Defendant explained that he recognized the two files of child pornography posted during the chat and stated he had sent those two specific files to several users via the Kik application. Furthermore, the Defendant explained that he is forced to change usernames often as his accounts are periodically closed by Kik, which he assumed was due to the receiving and trading of abusive content.

k. Regarding the claims observed within the chat in which the Defendant, as user "LuckyBoy156", claimed the child pornography depicted himself with his cousin, the Defendant explained that his claims were untrue and that it was just something he had said in furtherance of his fake online persona. The Defendant insisted the files were not created by him, that the files did not depict him, and that he had not physically abused any minors.

l. SA Shultz obtained a federal search warrant for the Defendant's Motorola GSM XT1931-3 Moto E5 Play with IMEI #351841090949308 and iPhone XR with IMEI #353067101132894. A forensic examination was performed on these devices. Through the investigation, SA Shultz was able to determine that the Defendant produced a video of Minor Victim #1, a prepubescent minor male who appeared to be under the age of 8, while in the restroom on March 23, 2019. From the video, Minor Victim #1's penis is visible. SA Shultz was also able to determine that the Defendant produced a video of Minor Victim #2, a prepubescent minor

male who appeared to be under the age of 12, while in the restroom on March 23, 2019. From that video, Minor Victim #2's penis is visible.

  m. The Defendant's cell phones were manufactured outside of the state of Texas. Consequently, the computer media at issue which was used to produce, distribute and possess the child pornography traveled in foreign or interstate commerce. Further, the Defendant utilized the Internet which is a means and facility of interstate commerce to distribute and possess the child pornography which was found on the above referenced device.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or

delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

a Motorola GSM XT1931-3 Moto E5 Play with IMEI #351841090949308 and

an iPhone XR with IMEI #353067101132894.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by

the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

27. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 20, 2019.

_Andrew Malachi Neising_
Defendant

Subscribed and sworn to before me on December 20, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _M. Flores_
Deputy United States District Clerk

APPROVED:
Ryan K. Patrick
United States Attorney

By: _Kimberly Ann Leo_
Kimberly Ann Leo
Assistant United States Attorney
Southern District of Texas

_John MacVane_
John MacVane
Attorney for Defendant

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| v. § § | **CRIMINAL NO. H-19-302** |
| **ANDREW MALACHI NEISIG,** § | |
| **Defendant.** § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____  12/20/19
Attorney for Defendant       Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

16

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          _____12/20/19_____
Defendant                                                              Date